# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

THAO XIONG,

          Petitioner,

v.                                                                 Case No. 18-CV-1180

DAVID G. BETH[1],

          Respondent.

## ORDER

Petitioner Thao Xiong is a Laotian citizen who was ordered removed by an Immigration Judge on October 19, 2017, while he was incarcerated at Oshkosh Correctional Institution. (ECF No. 1.) He was transferred to the custody of Immigration and Customs Enforcement (ICE) on November 7, 2017, and has remained detained as ICE awaits travel documents from Laos. (ECF No. 1.)

---

[1] Xiong is in custody at the Kenosha County Detention Center. The official in charge of that facility is the sheriff of Kenosha County, David G. Beth. "Pursuant to federal habeas statute, the proper respondent to a habeas petition is the person who has custody over the Petitioner." *Levario-Garcia v. Prim*, 2017 U.S. Dist. LEXIS 46849, *4 (N.D. Ill. Mar. 29, 2017) (citing 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004)). "The Seventh Circuit has made clear that in the immigration context, the warden where the alien is detained pending removal is the proper custodian for habeas purposes, and not other federal actors." *Id.* (citing *Kholyavskiy v. Achim*, 443 F.3d 946, 953-54 (7th Cir. 2006)). The Clerk shall update the caption to name David G. Beth as the respondent and terminate all other persons identified as respondents.

Xiong seeks leave to proceed without prepaying the filing fee. Having reviewed his motion, affidavit, and commissary statement, the court concludes he lacks the resources to pay the filing fee. Therefore, the motion (ECF No. 5) will be granted.

Ordinarily, an alien ordered removed from the United States is removed within 90 days and remains in custody until removed. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). If the alien is not removed within 90 days, the government may continue to detain the alien. 8 U.S.C. § 1231(a)(6). However, immigration authorities may not indefinitely detain a person ordered removed. *Zadvydas*, 533 U.S. at 701. The Supreme Court has stated that an alien may be detained only for that period of time reasonably necessary to bring about his removal from the United States. *Id*. at 689. Six months is presumptively reasonable. *Id.* at 701. If the alien remains in custody for six months beyond when he was ordered removed, he may seek release by providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* "[T]he Government must respond with evidence sufficient to rebut that showing." *Id.*

In light of *Zadvydas*, the court is unable to say that "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Accordingly, the court must order the respondent to show cause why the writ of habeas corpus should not be granted.

In accordance with Rule 1(b) of the Rules Governing Section 2254 Cases and Civil L.R. 9(a)(2), the court applies the Rules Governing Section 2254 cases to petitions for a writ of habeas corpus under 28 U.S.C. § 2241. The court must now screen the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, which states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

The court is unable to say that "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Accordingly, the court must order the respondent to show cause why the writ of habeas corpus should not be granted.

**IT IS THEREFORE ORDERED** that Xiong's motion for leave to proceed without prepayment of the filing fee (ECF No. 5) is granted.

**IT IS FURTHER ORDERED** that, no later than **September 21, 2018,** the respondent shall show cause why the petition for a writ of habeas corpus should not be granted.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve a copy of the petition and this order upon the respondent, David G. Beth.

Dated at Milwaukee, Wisconsin this 10th day of August, 2018.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge